Law Office of Michael Indrajana, ESQ.
Michael Indrajana. (SBN 258329)
500 S. Airport Blvd. Suite C
South San Francisco, CA 94080
Phone: (650) 597-0928
Email: michael@indrajana.com


Attorney for Plaintiff
Tecnologias Avanzadas RD, SRL

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TECNOLOGIAS AVANZADAS RD, SRL, a Dominican Republic Limited Liability Company,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**JOAN MARTINEZ, an individual; and DOES 1 through 50,**<br><br>    **Defendants.** | **Case No.:**<br><br>**COMPLAINT FOR DAMAGES:**<br><br>**(1) FEDERAL COPYRIGHT INFRINGEMENT [17 U.S.C. § 501(a)]** |

COMES NOW, Plaintiff TECNOLOGIAS AVANZADAS RD, SRL (hereinafter "Plaintiff"), to hereby file its Complaint against JOAN MARTINEZ, an individual, and DOES 1-50, inclusive (collectively, "Defendants"), as follows:

### PARTIES

1.      Plaintiff is now, and was at the time of the filing of this Complaint, and at all intervening times, a corporate entity known as a Dominica Republic Sociedad de Responsibiliad Limitada (a form of a limited liability company) duly organized and existing under the laws of Dominican Republic, with its principal place of business at Calle 7, Edificio 5, Urb. Thomen, Santiago, Dominican Republic.

2.      Plaintiff is informed and believes that JOAN MARTINEZ is and was at the time of filing this Complaint and at all intervening times, is an individual residing at Calle Nicolas Valerio #12, Santo Domingo, Distrito National, 10117 DO.

3.     The true names, capacities, and identities of the Defendants sued as Does 1 through 50, inclusive, are presently unknown to Plaintiff who therefore sues said Defendants by such fictitious names.  Plaintiff will seek leave to amend this complaint to allege their true names and capacities when they have been ascertained.

4.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, were the agents, partners, servants, employees, and co-conspirators of each of the other Defendants, and, in doing the things hereinafter alleged, were acting within the course and scope of their authority as such agents, partners, servants, employees, and co-conspirators with the permission and consent of each of the other remaining Defendants.

5.     Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants was the alter ego of each of the other Defendants, in that they have disregarded the separateness between their corporate and individual identities, among other things, by undercapitalizing a business entity, by using the entity's assets as their own, or by commingling the entity's funds and assets with their personal funds and assets, and that adherence to the corporate fiction would result in an injustice to Cross-Complainant in this matter.

## JURISDICTIONAL ALLEGATIONS

6.     This Court has Federal subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338 (a) and (b), in that the case arises out of claims for copyright infringement under 17 U.S.C. § 501(a); and this Court has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1367(a) and 1338(a)(b).

7.     Venue is proper, *inter alia,* pursuant to 28 U.S.C. § 1391(b) because on information and belief, a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and has caused damages to Plaintiff in this district. Specifically, given that YouTube is located in San Bruno, CA, and the copyright infringement takes place principally in the YouTube video service, jurisdiction is therefore proper.

8.     This Court has personal jurisdiction over Defendants since Defendants have committed acts of infringement and unfair competition in this district and/or Defendants have sufficient minimum contacts with this district to such that the exercise of jurisdiction over Defendants by this Court does

not offend traditional notions of fair play and substantial justice. Among other things, Defendants have uploaded videos on YouTube and knowing or having reason to know that consumers throughout the United States, including within this jurisdictional district, would have access to said infringing materials through YouTube, and unlawfully profited through YouTube's advertising system.

9.     Personal Jurisdiction exists over Defendants because on information and belief, Defendants have purposefully directed action to California and this district, or have otherwise availed themselves of the privileges and protections of the laws of the State of California, such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process, especially when Defendants consented to personal jurisdiction in California by filing a counter-takedown notice through YouTube.

## GENERAL ALLEGATIONS

10.     Plaintiff is a producer of Spanish-language television programming in the Latin-American market and a sole producer of Spanish-language web reproductions of said television programming.

11.     One of the programs that Plaintiff produces is "Mujeres al Borde," a weekly talk show hosted by Ingrid Gomez that specializes in women's programming.

12.     In particular, Plaintiff produced the videos "Entrevista con Diomary", and "Entrevista a Francisca Lachapel" (collectively, the "Infringed Works").

13.     By virtue of the relationship and contracts between Ms. Gomez and Plaintiff, Plaintiff owns the copyright in the videos of the Mujeres Al Borde programming that it produces.

14.     Plaintiff has an exclusive license to all web and YouTube distribution rights for Mujeres al Borde.

15.     Plaintiff filed an application for copyright registration with the United States Copyright Office for "Entrevista con Diomary" on April 7, 2016 and is awaiting the issuance of a registration.

16.     Plaintiff filed an application for copyright registration with the United States Copyright Office for "Entrevista a Francisca Lachapel" on April 7, 2016 and is awaiting the issuance of a registration.

17.     In October 2014, Ms. Gomez gave Mr. Martinez verbal permission to link to or embed one of her videos, "La Busqueda de Amor Propio Como Aprender Amarnos," on his website.

18.     Later, Mr. Martinez asked Ms. Gomez if he could continue to post Mujeres al Borde videos on his website. Believing that Mr. Martinez was embedding or linking the videos on his website, Ms.

Gomez agreed to allow him to do so.

19.     Ms. Gomez then became aware that Mr. Martinez was uploading copies of her videos to his own YouTube channel, Desafine.Net.

20.     Ms. Gomez communicated with Mr. Martinez to reiterate that while he was allowed to link to the Infringed Works or to embed them, he was not allowed to modify or redistribute them.   In particular, Ms. Gomez communicated that Mr. Martinez was not permitted to upload her videos to YouTube.

21.     Despite having lost permission to use, copy, perform, or distribute the Infringed Works, Mr. Martinez continued to use, copy, perform or distribute the Infringed Works on YouTube.

22.     Plaintiff, which owns the Copyright to the video broadcast of the Mujeres al Borde programming, has never granted permission to Mr. Martinez to use, copy, perform, or distribute the videos, including the Infringed Works.

23.     On March 24, 2016, Plaintiff filed copyright takedown notices on YouTube against Mr. Martinez for both of the Infringed Works.

24.     On March 30, 2016, Mr. Martinez filed a DMCA counter-notice.

25.     In the counter-notice, Mr. Martinez asserted that he had verbal permission to upload the Infringed Works to his YouTube channel Desafine.Net.

26.     In the counter-notice, Mr. Martinez consented to jurisdiction in the district in which YouTube is located.  Upon information and belief, YouTube has its principal place of business in Santa Clara County, California, which is located in the Northern District of California.

## FIRST CAUSE OF ACTION

**(Federal Copyright Infringement Against JOAN MARTINEZ, and DOES 1-50, inclusive)**

**[17 U.S.C. §501(a)]**

27.     Plaintiff incorporates herein by reference each and every allegation contained in paragraphs 1 through 26, inclusive.

28.     Through his conduct alleged herein, Defendant has infringed Plaintiff's copyright in the Infringed Composition in violation of Sections 106 and 501 of the Copyright Act, including by publicly distributing and performing the Infringed Works over YouTube.

29.     Each infringement by Defendant of Plaintiff's copyrighted works constitutes a separate and distinct act of infringement.

30.     Defendant's acts of infringement are willful, intentional, and purposeful, in disregard of and with indifference to Plaintiff's rights.

31.     As a direct and proximate cause of said infringement by Defendant, Plaintiff is entitled to damages in an amount to be proven at trial.

32.     Plaintiff is also entitled to Defendant's profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

33.     Alternatively, Plaintiff is entitled to the maximum statutory damages in the amount of $150,000 with respect to each work infringed, or for such other amounts as may be proper under 17 U.S.C. § 504.

34.     Plaintiff is entitled to attorney fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

35.     As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.  Plaintiff is informed and believes and on that basis alleges that unless enjoined and restrained by this Court, Defendant will continue to infringe Plaintiff's rights in the Infringed Works. Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendant's continuing infringing conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A.  For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for copyright infringement under 17 U.S.C. §501(a);

B.  For a preliminary and permanent injunction prohibiting Defendant, his agents, servants, employees, and all persons acting under Defendant's permission and authority, from continuing to infringe, in any manner, Plaintiff's copyright in the Infringed Works;

C.  For damages in such amount as may be found, or as otherwise permitted by law;

D.  For an order from the Court requiring that Defendants provide complete accountings and for

equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendants complied with their legal obligations, or as equity requires; accounting of, and the imposition of a constructive trust with respect to, Defendant's profits attributable to his infringement of Plaintiff's copyright in the Infringed Works;

E.  For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiff;

F.  For damages in an amount to be proven at trial for unjust enrichment;

G.  For Plaintiff's costs and attorney fees in this action;

H.  For all costs of suit; and

I.  For such other and further relief as the Court may deem just and equitable.


DATED:  April 08, 2016                    LAW OFFICE OF MICHAEL INDRAJANA, ESQ.



                                          By:  _____
                                               MICHAEL INDRAJANA
                                               Attorney for Plaintiff TECNOLOGIAS
                                               AVANZADAS RD, SRL

COMPLAINT FOR DAMAGES